AUGUSTIN PATALANO *vs.* CLARENCE E. CRAY, City Treasurer.

DECEMBER 12, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. General Laws of Rhode Island 1923, Chapter 96, requires towns and cities to keep their public highways "safe and convenient for travelers with their teams, carts and carriages." Chapter 47 gives a person injured by failure so to do a right to recover if the city knew or by diligence might have known of the unsafe condition.

Hawkins street in the city of Providence is a public highway. At one point a bridge between Box pond and Leonard's pond is a portion of the street. At the westerly end of the bridge two rows of cobblestones adjoin the macadam which constitutes the roadbed of the bridge and these stones extend from curb to curb. The street surface adjoining the bridge is made of macadam or tarvia poured over stone and about two inches from the cobblestones on May 20, 1926, near the middle of the street, was a hole or depression described as "cup shaped," "irregular in form but circular in shape," and "sixteen inches in diameter." The civil engineer who testified for plaintiff said it sloped toward the center, its lowest point being about three inches deep. This depression or hole had existed for at least a week. The only evidence that vehicles had not safely passed over it was that on two occasions autos had "bounced." No damage was claimed to have been done to them nor had their operators stopped to investigate whether their cars had been damaged or the condition of the road which caused the bounce. The bridge was at the foot of a downgrade from the east and immediately after crossing the bridge the grade rises to the west.

The day above mentioned was clear, and in broad daylight plaintiff, a professional bicyclist, riding westerly on a road-racing bicycle, came down the hill from the east, crossed the bridge to start up the west side, hit the depression in the road and was thrown off and injured. Ahead of him, about fifty feet, was an automobile traveling in the same direction. Plaintiff said in response to the question, "Did you look where the wheel was going as you crossed the bridge and came the other side of the bridge?" "Well, I seen the machine ahead of me and I was trying to make the hill and I was going pretty fast and I couldn't swing my bike all at once to save myself from the hole." Plaintiff further said he was watching the machine ahead of him, which was traveling faster than his rate of fifteen miles per hour, in order to see that it did not stop; that he did not

then look nor was he in the habit of looking at the condition of a road over which he traveled on a bicycle. One of the automobile operators who testified to "bouncing" in going over the hole in his car said that in driving along the road he "couldn't see the hole" and that the only way he would notice it would be because the machine hit it. He never stopped or looked at it. Defendant closed its case without testimony and moved that the court direct a verdict for defendant. This was done and plaintiff is here on exception thereto.

Plaintiff concedes under *Fox* v. *Clarke*, 25 R. I. 515, that the Superior Court was bound to rule that the mere fact that the road was unsafe for bicycles did not entitle plaintiff to recover and that his right to go to the jury must be based on proof that the road was unsafe for travelers with teams, carts and carriages. He suggests that this court reverse *Fox* v. *Clarke*, which has long been our law as it is also the doctrine of other states. 7 C. J. p. 1152, note 96. In the quarter century since the decision, abundant opportunity has existed for our legislature to require towns to keep roads safe for bicycles and it has not seen fit to impose such burden. We see no reason to overrule *Fox* v. *Clarke*.

The sole question presented is whether there was any evidence upon which a jury might have found that plaintiff was free from negligence and defendant guilty thereof.

The trial court recognized the controlling rule in directing verdicts and did not err in its application to this case. The only evidence upon which to predicate defendant's negligence was that the depression or hole had existed for a week, that plaintiff fell in traveling over it and that two autos had bounced in going over it. While ordinarily the safe or unsafe condition of a road arising from the existence of a hole in a street is a question of fact which a jury should pass upon, there may be so-called holes or depressions of such a negligible character that no reasonable person would consider them dangerous. A city is not bound under the statutory duty to keep its streets absolutely level; they

need be only "reasonably" safe and convenient for travel. *McCloskey* v. *Moies*, 19 R. I. 297; *Smith* v. *Howard*, 42 R. I. 126. While the existence or non-existence of negligence on the part of defendant came near the border line between a question of law and one of fact, plaintiff's own evidence compelled the court to direct a verdict for defendant. If the hole was only one of the slight depressions without jagged edges which are commonly seen in macadam roads a traveler approaching it would not be required or expected to observe that it was unsafe for travelers and the jury could not find the city negligent in failing to take note of and repair it. On the other hand, if its appearance and nature were such that danger might reasonably be anticipated therefrom plaintiff traveling over the road without looking or paying any attention to its condition was not free from contributory negligence. Plaintiff, admitting that he paid no attention whatever to the condition of the road and riding "sitting up straight," was not exercising the care required by law from a traveler on a bicycle before he can hold the city for an unsafe condition of the highway. His own negligence was at least a concurring cause of his injury. The trial court correctly directed a verdict for defendant.

Plaintiff's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Archambault & Archambault, George Roche*, for plaintiff.

*Elmer S. Chace, City Solicitor, Herbert E. Eklund, Assistant City Solicitor*, for defendant.